Zimmerman, J.
It is earnestly contended by the plaintiffs, appellees in this court, that the judgment of the Court of Appeals should be affirmed on the basis that the permit for the construction of the building to accommodate the car-wash business was not applied for by and was not issued to the *140 “owner” in accordance with the Code of Ordinances of the City of Cincinnati, and that it is a nullity.
Section 1121 of the building code is headed, “Application for Permits.”
Subdivision (a) thereof provides that the application shall be made by the owner of the building involved, or by his authorized agent, architect, engineer or contractor employed in connection with the proposed work.
Subdivision (b) of the same section contains the mandate that the written application for a building permit shall contain the full names and addresses of the owner, applicant and contractor and a statement in behalf of the owner that the proposed work and occupancy will comply with all applicable laws and ordinances.
Section 1130 of the building code relates to permit fees and includes the statement that each permit issued by the Commissioner of Buildings shall show the oioner’s name.
In the Couid of Appeals the opposing parties by their counsel entered into an ‘ ‘ agreed stipulation of facts ’ ’ and a ‘ ‘ supplemental stipulation of facts.” Item 10 of the supplemental stipulation reads:
“Defendant, Ben Wides, did not, at the time of applying for the building permit, have title to the subject real estate, title thereto being in Helen Wides and Bessie Pockros. By virtue of the understanding among Ben Wides,’ Helen Wides, and Bessie Pockros, Ben Wides was to construct and finance the proposed building and was to operate the proposed mechanized car-wash business under a long term lease entered into with him by Helen Wides and Bessie Pockros as lessors. Such a written lease, or a written agreement therefor, has as yet not been prepared or executed among Ben Wides, Helen Wides and Bessie Pockros.”
An examination of the written application for the building permit shows that it was made by “Phil M. Shaw,” without further description. Such application states the owner’s name as “Ben Wides.” No reference whatsoever is made to Helen Wides or Bessie Pockros.
The building permit issued by Fred F. McMinn, Commissioner of Buildings, recites:
*141 “Owner Ben Wides is hereby granted this permit to erect 1 St. Cone. Block & Steel building at 4449 Reading Rd. to be used as car wash.”
It is, therefore, apparent that neither the application for the building permit nor the permit itself complies with ordinance requirements. We are of the opinion that both are fatally defective and that no authority exists to proceed with the construction of the building.
Under the precise wording of the controlling ordinances, it was essential that the written application for the building permit be made by the owner, or that it appear that such application was being made for and on the owner’s behalf. Not only was this requirement ignored, but there is no reference at all to the owner. Besides, the building permit issued pursuant to such faulty application wholly fails to meet mandatory ordinance requirements.
Where the term, “owner,” is .employed with reference to land or buildings, it is commonly understood to mean the person who holds the legal title. And, in using that term in the ordinances under examination, it can hardly be supposed that the council of the city of Cincinnati had in mind anyone except the person holding the legal title.
Although our approach to this matter has been different from that taken by the lower courts, the final result reached is the same. We are of the opinion, in the circumstances described, that plaintiffs as interested and affected persons had the right to attack the validity of the application for the building permit and the permit issued pursuant to the application by seeking injunctive relief, and that the courts below properly granted such relief.
The judgment of the Court of Appeals is, therefore, affirmed.

Judgment affirmed.

Weygandt, C. J., Matthias, Hart, Stewart, Bell and Taft, JJ., concur.